IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CERVANTES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DERRECK J. LEE, et al.,<br><br>　　　　Defendants. | No.  2:20-CV-2416-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for appointment of counsel. ECF No. 12.

　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017.  Neither factor is dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the United States Court of Appeals for the Ninth Circuit concluded the district court did not abuse its

1

discretion with respect to appointment of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

Plaintiff moves for appointment of counsel because his case will require investigation that he cannot undertake in prison, because his case requires examination of witness credibility, and because expert witnesses will be necessary. ECF No. 12 at 1. He also indicates that the Court should appoint counsel because he is the victim of retaliation and conspiracy at the hands of prison officials and the California Department of Justice. Id. at 1–2. Plaintiff argues that prisons officials have charged him double for filings and that the Department of Justice retaliated against him for filing a lawsuit. Id.

The Court recognizes the unique difficulties of litigating from prison. There is no doubt that limitations on prisoners' ability to investigate their case and prepare witnesses hinder seamless trial practice. The Court, however, does not find *exceptional* circumstances warranting a request by the Court for assistance of counsel. Plaintiff's inability to investigate his case as easily as he would like is a circumstance attendant to his own incarceration and that of numerous other similarly situated prisoners. Plaintiff's mere allegations of conspiracy and retaliation—stemming from the causes of action in his underlying complaint—do not establish exceptional circumstances warranting appointment of counsel.

Plaintiff, moreover, has filed multiple motions and submissions with the Court that, although meandering, effectively state his requested relief. Review of the docket indicates that Plaintiff has been able to articulate his claims on his own. Moreover, Plaintiff alleges fairly straightforward First Amendment claims in his complaint. See ECF No. 1. The factual and legal issues involved in this case are not unusually complex.

///

///

///

Furthermore, the Court has not yet screened Plaintiff's complaint under 28 U.S.C. § 1915A or ordered the complaint served on defendants. The Court cannot say that Plaintiff has established a particular likelihood of success on the merits at the present stage of this case.

Plaintiff's motion for appointment of counsel (ECF No. 12) is **DENIED**.

IT IS SO ORDERED.

Dated:  February 4, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE