IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CERVANTES,<br><br>    Plaintiff,<br><br>    v.<br><br>DERRECK J. LEE, et al.,<br><br>    Defendants. | No. 2:20-CV-2416-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for an order to show cause and for injunctive relief. ECF No. 17. Plaintiff's motion is meandering and difficult to follow, but he generally seems to desire an order directing Defendant Derreck J. Lee, Defendant Burciaga, and other nondefendants from retaliating against him for filing § 1983 cases and administrative grievances. See id. at 1–2. He requests that the Court order Defendants to show cause but does not state what for other than that they would be "restrained from actions." See id. at 1, 3. The undersigned United States Magistrate Judge recommends denying the motion.

**I. STANDARD**

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky,

586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

## II. DISCUSSION

Plaintiff seeks an order directing Defendants, particularly Defendant Lee, from retaliating against him and causing him irreparable harm and permanent injury. ECF No. 17 at 1–2. It is unclear what Plaintiff alleges Defendant Lee has done or what he wants the Court to enjoin Lee from doing. See id. at 1. All Plaintiff states is that Lee, who represents defendants from the California Department of Corrections and Rehabilitation in his capacity as a Deputy Attorney General, threatens Plaintiff with irreparable harm and permanent injury. See id. Plaintiff then lists examples of what nondefendants have allegedly done to him, such as confiscate his epilepsy medication and cuff his hands behind his back while he was having a seizure. Id. Without elaboration, Plaintiff alleges that Defendant Burciaga is responsible for retaliation. Id. He then makes his broad contention that Burciaga and other officials (including in separate proceedings) have delayed his grievances so that he cannot exhaust his administrative remedies. Id. at 2.

///

///

///

The Court finds injunctive relief is not warranted. First, to the extent that Plaintiff desires injunctive relief against individuals who are not party to his case, the Court lacks authority to order it. Zenith Radio Corp., 395 U.S. at 112; James v. Scribner, No. CV 07–880–TUC–RCC, 2010 WL 3942844, at *2 (E.D. Ca. Oct. 4, 2010).

Second, Plaintiff has not demonstrated that he is likely to suffer irreparable harm. To Plaintiff's credit, the deprivation of constitutional rights (e.g., retaliation against an inmate for engaging in protected First Amendment conduct) does constitute irreparable harm. E.g., Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012); see Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005) (stating that prisoners' First Amendment rights to file grievances and pursue litigation are of fundamental import).[1] But, as to Defendant Lee, merely stating that he seeks a protective order because Lee "is threatening Plaintiff with irreparable harm and permanent injury" is insufficient. Such a conclusory statement does not establish that Plaintiff is *likely* to suffer irreparable harm. See, e.g., All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

The same can be said for Plaintiff's allegations against Defendant Burciaga. Plaintiff alleges that Burciaga "is responsible for retaliation." ECF No. 17 at 1. He then states that a nondefendant conspired with Burciaga in a separate proceeding (and possibly here) to impede Plaintiff's access to the prison grievance system so that he could not pursue legal action because he would not have exhausted administrative remedies). See id. at 2. Plaintiff has failed to show that irreparable harm is likely. See Cottrell, 632 F.3d at 1131.

A Plaintiff must demonstrate that irreparable harm is likely, not just possible. Id. Plaintiff has not done so. Finally, with his broad and conclusory allegations, Plaintiff has also not shown, as required, that he is likely to succeed on the merits, that the balance of hardships tips in his favor, and that an injunction is in the public interest. See id.; Stormans, 586 F.3d at 1127.

/ / /

/ / /

/ / /

/ / /

---

[1] Plaintiff alleges First Amendment violations in the motion and in his complaint. See ECF Nos. 1 at 3–4; 17 at 2.

### III. RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge recommends that Plaintiff's motion to show cause and for injunctive relief (ECF No. 17) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 13, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4