
**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAUL CERVANTES,<br><br>Plaintiff,<br><br>v.<br><br>DERRECK J. LEE, et al.,<br><br>Defendants. | No. 2:20-CV-2416-TLN-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 26.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's first amended complaint.  Plaintiff names Derrick J. Lee, a deputy attorney general, and S. Burciaga, a correctional officer, as defendants. ECF No. 26, pg. 1.  Plaintiff alleges the following:

> A serious link exist between Defendant Lee and Defendant c/o S. Burciaga who is violating plaintiff Cervantes constitutional human rights, by retaliating, taking advantage of his employment, CDCR staff on his side including Deputy Attorney General, Nurses, Drs, Sgts, Lits ect[.]  On 4/30/20 through a couple of his c/o friends force me to have a violent cellie who stared a fight with me[.]  I end it up getting 3 more years added to my sentence[.]  he is upset because I, am suing him . . . .  Lee was his attorney but on 8/17/21 at 10:30AM B-yard during yard Recall c/o S. Burciaga CDCR violates the eighth Amendment by placing me back with the same official I been suing since 4/28/2015 c/o S. Burciaga On 8/1721 c/o S. Burciaga pay out 3 crooked inmates gang members addicted to drugs hit plaintiff on the right side of face with a rock causing emergency surgery [] with metal parts on head right eye upper jaw, one of the inmate talked he he got caught with a weapon on his pocket and drugs name Rander, Diablo, Silent, Creeper, violation cruel, unusual punishment. It happen right on front of c/o J. Avila and Sgt. Madrigal and they did not a thing to stop the attack even if I, am a disable person under ARPSADAI[.] I guess because I was suing their companion But just by being next to this c/o it will be a threat to my life [] I just file a grievance to the third level response c/o S. Burciaga it will be under investigation this time this is the second time he try to hurt me real bad, I, am epileptic for life because of him now I, may go blind[.]  I, am my strongest witness and the video camaras[.]  I verify, testify under penalty of perjury that the foregoing declaration is true and correct.

Id. at 1-2 (errors in original).

/ / /

/ / /

/ / /

/ / /

2

## II. DISCUSSION

The Court can decipher a valid Eighth Amendment claim against Defendant Burciaga for allegedly paying inmates to attack Plaintiff. However, the Court is unable to determine any other cognizable claims against a named defendant. Plaintiff could have a cognizable claim against officers Avila and Madrigal, but it is not clear that Plaintiff wishes to list Avila and Madrigal as defendants. Further, Plaintiff has not sufficiently connected Defendant Lee's actions to a constitutional violation.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff states that there is a "link" between Defendant Lee and Defendant Burciaga. ECF No. 26, pg. 1. However, that does not connect Defendant Lee to a constitutional violation. The only other place Defendant Lee is mentioned is when Plaintiff states that Lee was someone's attorney. See id. Plaintiff's complaint is deficient as to Defendant Lee, because Plaintiff has not connected Defendant Lee to a constitutional violation. As to each named defendant, Plaintiff must allege which Defendant took what action that caused which specific constitutional violation.

///

///

///

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state a cognizable claim, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claim.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated:  December 13, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE