IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CERVANTES, | No. 2:20-CV-2416-TLN-DMC |
| Plaintiff, | |
| v. | ORDER |
| DERRECK J. LEE, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

On December 7, 2020, Plaintiff filed a civil rights complaint. ECF No. 1. Thereafter, Plaintiff filed a motion to amend his civil rights complaint, ECF No. 13, which this Court denied as unnecessary because Plaintiff's complaint had not been served, no responsive pleading had been served, and Plaintiff had not previously amended his complaint. See ECF No. 18. Plaintiff filed his first amended civil rights complaint on October 25, 2021. ECF No. 26. As required under 28 U.S.C. § 1915A(a), this Court screened Plaintiff's first amended complaint and found that Plaintiff stated a cognizable claim against Defendant Burciaga but was deficient as to named Defendant Lee. See ECF No. 27. Plaintiff was provided an opportunity to file a second amended complaint. See id. Thereafter, Plaintiff filed two pleadings captions as second amended complaints. See ECF Nos. 28, 29. Plaintiff then filed what appears to be a motion to join

additional claims, see ECF No. 32, as well as a "supplement" to his second amended complaint, see ECF No. 38.

The Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

Plaintiff's various submissions do not satisfy the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly. To the contrary, Plaintiff's complaint would require the Court to comb through several separate documents in order to determine whether plaintiff has stated any claims upon which relief can be granted. The Court is unwilling to do this in part due to limited judicial resources but also because it is for Plaintiff – not the Court – to formulate his claims in a way that satisfies the rules. The Court will not consider piecemeal allegations and filings and cannot refer to any other pleadings in order to make Plaintiff's amended complaint complete. See Local Rule 220. Plaintiff's current submissions at ECF Nos. 28, 29, 32, and 38 will be stricken and Plaintiff will be given one final opportunity to amend by filing a single second amended complaint.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's filings at ECF Nos. 28, 29, 32, and 38 are stricken.

2. Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

3. The Clerk of the Court is directed to send Plaintiff the court's form complaint for prisoners proceeding under the Civil Rights Act, 42 U.S.C. § 1983.

Dated: December 9, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE